**Venancio MEDELLIN, and Handi–Ad Printing Co., Plaintiffs–Appellants,**

v.

**Benjamin BUSTOS, in his official capacity as Certifying Officer of the United States Department of Labor, Employment and Training Administration, Dallas, Texas, Defendant–Appellee.**

**No. 87–6165.**

United States Court of Appeals, Fifth Circuit.

Sept. 15, 1988.

Peter D. Williamson, Kelly A. Chaves, Houston, Tex., for plaintiffs-appellants.

Robert Darden, Frank A. Conforti, Asst. U.S. Attys., Houston, Tex., for defendant-appellee.

Before CLARK, Chief Judge, GARZA and POLITZ, Circuit Judges.

GARZA, Circuit Judge:

This case is an appeal from the decision of the United States District Court for the Southern District of Texas. It involves the decision of appellee Benjamin Bustos, Certifying Officer of the United States Department of Labor, to disallow the substitution of an alien on a labor certification. The issue before us is whether that decision was arbitrary, capricious, an abuse of discretion or otherwise contrary to the law. The district court determined that the decision was proper. For the reasons stated below we reverse.

### Background

The Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, regulates the admission of aliens into the United States. The Attorney General of the United States and the Secretary of State are the principal administrators of its provisions. 20 C.F.R. § 656.2(a)(1) (1988). The Immigration and Naturalization Service (INS) performs most of the functions of the Attorney General under the Act. Section 212(a) of the Act lists 31 categories of aliens who are ineligible to receive visas for entry into the United States. 8 U.S.C. § 1182(a) (1952). Section 212(a)(14) excludes aliens seeking to immigrate "for the purpose of performing skilled or unskilled labor," except that such aliens may be eligible for a visa if:

> the Secretary of Labor has determined that (A) there are not sufficient United States workers who are able, willing, qualified and available at the time of application for a visa and admission into the United States and at the place where the alien is to perform the work, and (B) the employment of the alien will not adversely affect the wages and working conditions of the United States workers similarly employed.

8 U.S.C. § 1182(a)(14) (1952).

Thus, there exists some interaction between the INS and the Department of Labor (DOL) in determining the eligibility of this particular category of aliens for entrance visas.

Appellee Benjamin Bustos is the Certifying Officer for the DOL. He originally issued a labor certification on August 17, 1984 in favor of Handi-Ad Printing Co. and Mr. Artilano Renteria for the position of web press operation assistant. Mr. Renteria declined the offer. Fourteen months later, on November 4, 1985, Handi-Ad requested the DOL to allow substitution of a Mr. Venencio Medellin, a similarly qualified

alien, on the labor certification. On November 10, 1985, Mr. Bustos denied the request.

The DOL has adopted a set of operating instructions, known as the Technical Assistance Guide (TAG). A provision contained in the TAG prohibits the substitution of one alien on a labor certification for another alien if more than six months have elapsed since the original date of certification. It was on the basis of this provision that Mr. Bustos denied appellant's application for substitution. Handi–Ad and Medellin appealed that decision to the United States District Court for the Southern District of Texas claiming that the denial was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. The district court disagreed and granted summary judgment in favor of appellee. We are persuaded that the provision of the TAG in question conflicts with the applicable statute and regulations under the Immigration and Nationality Act. We therefore reverse.

### Discussion

It appears clear that the underlying policy of the Immigration and Nationality Act is, as appellee urges, to exclude aliens competing for American jobs and to protect the American labor market. *Wang v. Immigration and Naturalization Service*, 602 F.2d 211 (9th Cir.1979). But nothing so amorphous as the Department of Labor's role in fulfilling the broad policies of the INA is at issue here. In any event, a decision by the DOL to grant a labor certification constitutes an assessment that employment of an alien under the circumstances in question will not adversely affect INA policy. The issue presented in this case is whether Mr. Bustos's actions with respect to Mr. Medellin comport with section 212(a)(14) of the INA and the regulations that govern the administration of that statute.

Congress established a delicate interaction between the Department of Labor and the INS when it passed section 212(a)(14). This interplay of administrative authority permeates the immigration laws. *Castane-*

*da–Gonzalez v. Immigration and Naturalization Service*, 564 F.2d 417, 429 (D.C. Cir.1977). The Secretary of Labor (the Secretary) has broad discretion to promulgate rules that will fill in the gaps left by the substantive requirements of section 212(a)(14). *Production Tool v. Employment and Training Administration*, 688 F.2d 1161, 1167 (7th Cir.1982). The government bases much of its argument upon the interpretation of section 212(a)(14) set out in the Department of Labor's Technical Assistance Guide. The TAG states that a labor certification issued pursuant to section 212(a)(14) "is limited to the specific job opportunity, *the alien for whom the certification was granted,* and the area of intended employment stated on the application." [emphasis added]. This is not an appropriate interpretation of section 212(a)(14) for three reasons.

First, this interpretation upsets the delicate interplay of administrative power established by the statute. If the TAG expresses an appropriate exercise of authority, then it effectively allows the Secretary of Labor to decide the eligibility status of particular aliens. This authority, however, resides in the INS rather than the DOL. It is the function of the Secretary, under section 212(a)(14), to determine: (A) whether sufficient American workers are able, willing, qualified, and available at the time and place where the alien is to be employed, and (B) whether employment of such aliens will adversely affect the wages and working conditions of the United States workers similarly employed. It is the INS, in fact as well as in effect, that must determine the fate of particular aliens. If the DOL is to exercise the authority to decide the visa eligibility status of individual aliens, such a shift of administrative power must result from an Act of Congress; it cannot derive from an interpretation by the DOL of a regulatory provision promulgated by the Secretary of that agency.

Second, the interpretation of section 212(a)(14) expressed by the TAG provision in question does not accord with the practices of either the INS or the DOL in this area of immigration law. Once the DOL grants a labor certification in a particular

job area, the alien to whose benefit the grant inures still faces several procedural obstacles and potentially lengthy delays to his ultimate acquisition of an entry visa. Appellant asserts that four years typically elapse between the grant of a labor certification by the DOL and the issuance of an entry visa by the INS for Mexican nationals.[1] During this lapse of time, the DOL does not reevaluate the relevant labor market. This is because the regulations promulgated by the Secretary to administer the provisions of section 212(a)(14) provide that a labor certification remains valid "indefinitely." 20 C.F.R. § 656.30(a) (1987). Thus, the only event that will trigger a reassessment of a labor certification has nothing whatever to do with labor market conditions. It has only to do with the replacement of one qualified alien for another qualified alien if the substitution occurs more than six months after the date of the original certification.

It is true that the regulations permit the Secretary to scrutinize individual applicants quite closely. *See* 20 C.F.R. § 656.21 (1987) (requiring information about alien's qualifications, which employer must provide on Application for Alien Employment Certification). Presumably, this scrutiny is necessary to ascertain the alien's affect upon wages and working conditions, as required by section 212(a)(14)(B). This suggests that the substitution of one alien for another on an application will have a significant bearing on the Secretary's decision whether to grant a labor certificate in a particular case. However, counsel for the government admitted in oral argument that Mr. Medellin's substitution would have posed no problem had it occurred within six months of the original application.

It is not the existence of any differences between the qualifications of Mr. Medellin and those of Mr. Renteria that concerns the DOL in this case. Indeed, Mr. Medellin's prospective employer warrants—and the DOL apparently agrees—that the qualifications of the two men are essentially indistinguishable. Counsel also admitted in oral argument that the certification would have

remained in effect without reevaluation for as many months (or years) as it might have taken to obtain a visa, had Mr. Renteria's name remained on the application. Thus, it was the lapse of time between the original date of certification and the substitution of Mr. Medellin that caused Mr. Bustos to revoke his grant of a labor certificate. If DOL practice allows a labor certification in favor of one alien to remain in effect for four years, it does not comport with this practice to allow only six months for the substitution of a second similarly qualified alien. This is particularly true when, for purposes of his qualifications, the second alien cannot possibly affect the Secretary's original determination that issuance of a labor certification under the circumstances was proper.

Third, and most important, the TAG provision upon which the government relies does not merely interpret the relevant statute and regulations, it rewrites them. Nothing in the language of section 212(a)(14) suggests that the Secretary limit a labor certification to the alien for whom the certification was granted. Such a limitation would fulfill the purpose of the statute only if the qualifications of a substitute alien are so different from those of the original applicant that employment of the substitute will adversely affect the wages and working conditions of United States workers similarly employed.

The DOL argues that we should defer to its judgment and expertise in analyzing labor markets. It asserts that market conditions are subject to rapid change and that labor certifications should be retested after the passage of six months. We do not doubt the truth of that assertion. Neither do we doubt that the Secretary has the authority to require a section 212(a)(14) inquiry every six months as an incident to the issuance of all labor certificates. But that is not what the Secretary has done. The regulations promulgated to administer the provisions of section 212(a)(14) provide that a labor certification is valid "indefinitely." 20 C.F.R. 656.30(a) (1987). That regulation is published in the Federal Register, as required by sections 552 and 553

---

**1.** It is not clear from this record whether appellant presented documentary evidence to the dis-

trict court in support of this assertion. It is clear, however, that the point was made.

of the Administrative Procedure Act. The TAG is not. The regulation carries the force of law. The TAG does not. *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944) (bulletins and interpretive rules of agency administrator, while persuasive, are not controlling). We must resolve any conflict between these two provisions to give effect to the regulation.

The extent of our ability to set aside decisions of administrative agencies is limited to those agency actions that we find to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1966). We find that the decision to revoke the labor certification in this case, because the substitution of Mr. Medellin for Mr. Renteria did not occur within six months of the original date of certification, conflicts with 20 C.F.R. 656.30(a) (1987). The decision was, thus, "not in accordance with law." We therefore order that the Secretary allow the substitution of Mr. Medellin for Mr. Renteria and that the labor certification, originally granted to Handi–Ad Printing Company in favor of Mr. Renteria, be reissued in favor of Mr. Medellin. The decision of the district court is REVERSED.