# In re Minor Humberto PEREZ VARGAS, Respondent

File A29 760 997 - Arlington

*Decided October 28, 2005*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Immigration Judges have no authority to determine whether the validity of an alien's approved employment-based visa petition is preserved under section 204(j) of the Immigration and Nationality Act, 8 U.S.C. § 1154(j) (2000), after the alien's change in jobs or employers.

FOR RESPONDENT: David J. Rothwell, Esquire, Washington, D.C.

FOR DEPARTMENT OF HOMELAND SECURITY: Claudia Flower, Assistant Chief Counsel

BEFORE:   Board Panel: COLE, HESS, and PAULEY, Board Members.

COLE, Board Member:

In a decision dated July 17, 2002, an Immigration Judge found the respondent removable, denied his application for adjustment of status, and granted him voluntary departure. The Department of Homeland Security ("DHS," formerly the Immigration and Naturalization Service ("INS")) appealed the Immigration Judge's grant of voluntary departure, and the respondent cross-appealed the denial of adjustment of status. In a decision dated April 21, 2004, we sustained the DHS's appeal, dismissed the respondent's cross-appeal, and remanded the record for further proceedings on the issue of the respondent's eligibility for voluntary departure. The respondent has filed a motion to reconsider our decision. The motion will be denied and the record will be remanded to the Immigration Judge for further proceedings.[1]

---

[1] In its opposition to the respondent's motion to reconsider, the DHS asserts that the motion is inappropriate. The DHS relies on section 5.2(a)(iii)(A) of the Board of Immigration Appeals Practice Manual, which provides that a motion to reconsider may be filed with the Board where an appeal has been decided and no case is currently pending. Board of Immigration Appeals Practice Manual, § 5.2(a)(iii)(A), at 70 (June 15, 2004). However, that section also suggests that this is a "general" rule, and the next section indicates that the

(continued...)

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Guatemala who conceded that he is removable because he overstayed his nonimmigrant visa.  The record reflects that he was the beneficiary of an approved I-140 visa petition, but that he was no longer employed by the petitioning employer at the time of his hearing.  The Immigration Judge denied the respondent's application for adjustment of status because of his employment status, and he concluded that he lacked jurisdiction to apply section 204(j) of the Immigration and Nationality Act, 8 U.S.C. § 1154(j) (2000), which would allow the respondent's visa petition to remain valid if he had a new job in the same or a similar occupational classification.[2]

## II.  ISSUES

The primary issue on appeal is whether the Immigration Judge has jurisdiction to apply section 204(j) of the Act in this case.  Section 204(j) provides as follows:

> A petition under subsection (a)(1)(D) for an individual whose application for adjustment of status pursuant to section 245 has been filed and remained unadjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the petition was filed.[3]

The respondent also raises the question whether it was appropriate for us to remand the record for presentation of additional evidence regarding his eligibility for voluntary departure.

---

[1] (...continued)
Board will entertain a motion to reconsider following a decision to remand.  *Id*. § 5.2(a)(iii)(B).

[2]  We note that an employment-based visa petition is automatically revoked upon termination of the petitioning employer's business.  8 C.F.R. § 205.1(a)(3)(iii)(D) (2005).  There is no evidence that the respondent's previous employer, Impressions Marketing Group, for whom he apparently worked from 1997 to 2001, went out of business.  The respondent's counsel stated that the respondent was discharged due to an "economic downturn."

[3]  The reference in the statute to "subsection (a)(1)(D)" appears to be in error.  Subsection (a)(1)(F) is evidently the intended cross-reference, given the redesignation of subsection (a)(1)(D) as subsection (a)(1)(F) by section 1503(d)(1) of the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, tit. V, div. B, 114 Stat. 1464, 1521.

## III.  JURISDICTION OF THE IMMIGRATION JUDGE
## TO APPLY SECTION 204(j) OF THE ACT

The respondent asserts that the Immigration Judge has jurisdiction to find that his visa petition remains valid under section 204(j) of the Act.  In support of his argument, the respondent has attached an unpublished decision in which we found that an Immigration Judge has jurisdiction over an application for adjustment of status once the alien is in removal proceedings, including the authority to adjudicate whether the alien's visa petition remains valid under section 204(j) of the Act.

In our previous decision in this case, we noted that we were unable to determine the cases on which the Immigration Judge relied in finding that he lacked jurisdiction.  However, we did not find his determination to be erroneous.

We find no support for the respondent's argument that an Immigration Judge acquires jurisdiction over the adjudication of employment-related visa petitions once the alien is placed in removal proceedings.  The case relied on by the respondent is not a precedent decision.  Furthermore, as the DHS points out, the regulations that deal with the approval of visa petitions do not mention the Immigration Court, and they specifically grant jurisdiction over the adjudication of employment-based visa petitions to the DHS Service Centers.  *See* 8 C.F.R. § 204.5(b) (2005).

As we stated in *Matter of Aurelio*, 19 I&N Dec. 458, 460 (BIA 1987), "[I]t is well established that immigration judges have no jurisdiction to decide visa petitions, a matter which is solely within the authority of the district director. Because the DHS has the primary authority to grant visa petitions, we find that jurisdiction also lies with the DHS to determine whether the validity of an alien's approved employment-based visa petition is preserved under section 204(j) of the Act after the alien's change in jobs or employers.  We therefore conclude that the Immigration Judges have no authority to make such adjudications because the regulations give them no jurisdiction over visa petitions.

Moreover, we agree with the DHS that a determination under section 204(j) of the Act whether a change in employment affects the viability of an employment-based visa petition is one which requires some expertise in assessing the similarity in certain types of employment.  The respondent argues that the employment description on which his visa petition was approved, i.e., inspecting wood cabinets under the occupational title of carpentry, is substantially similar to the new employment that he obtained in 2002, i.e., installing marble counters.  As is clear from the transcript of proceedings, however, the Immigration Judge was not confident that these jobs, which involve two different materials, were the same or similar.  Furthermore, even assuming the techniques used in the different jobs involved similar principles and methods, it would be difficult for the Immigration Judge to assess whether the new job description included the same level of responsibility and skill, and

whether the job would have an adverse impact on the United States labor market.

Original jurisdiction over employment-based visa petitions lies with the DHS following issuance of a labor certification by the Department of Labor ("DOL"). *See* 8 C.F.R. §§ 204.5(b), (d).  It therefore follows that any redetermination of the visa petition's validity would also lie with these government entities, and not with the Immigration Judge.  *See Matter of Arthur*, 20 I&N Dec. 475, 479 (BIA 1992) (noting that an inquiry into the merits of a visa petition would "constitute a substantial and unwarranted intrusion into the district director's authority over the adjudication of visa petitions"); *see also Matter of H-A-*, 22 I&N Dec. 728, 736 (BIA 1999);  *Matter of Aurelio*, *supra*, at 460-61; Memorandum from James A. Puleo, Acting Executive Associate Commissioner, Office of Operations, to INS officials (Dec. 10, 1993), *reprinted in* 70 Interpreter Releases, No. 48, Dec. 20, 1993, at 1676 & app. III at 1692-93 (discussing the agreement between the INS and the DOL regarding guidelines for handling changes to labor certifications and employment-based visa petitions where there is a successor in interest to the original employer).

The legislative history of section 204(j) of the Act and the general process for obtaining an employment-based visa petition also support our conclusion that Congress did not intend that the Immigration Judges would determine whether an alien continues to qualify for a visa petition upon a change in circumstances.  Section 204(j) was created by section 106(c)(1) of the American Competitiveness in the Twenty-First Century Act of 2000 ,  Pub. L. No. 106-313, 114 Stat. 1251, 1254 ("AC21").  The general purpose of the statute was to meet the United States demand for skilled workers, particularly those with technical expertise, in light of increasing globalization and a burgeoning economy.  *See id.*; S. Rep. No. 106-260, at 1-4 (2000), *available at* 2000 WL 622763; *see also* H. Ronald Klasko, *American Competitiveness in the 21ˢᵗ Century: H-1Bs and Much More*, 77 Interpreter Releases, No. 47, Dec. 11, 2000, at 1689.

Section 204(j) was specifically enacted to increase the job flexibility of aliens who applied for adjustment of status in conjunction with an employment-based visa petition, and whose applications had been extensively delayed.  *See* Angelo A. Paparelli & Janet J. Lee, *"A Moveable Feast": An Analysis of Adjustment of Status Portability under AC21*, 6 Bender's Immigr. Bull. 577, 579 (June 15, 2001) ("A fair reading of the statute as a whole would suggest, therefore, that the [adjustment of status] portability provision was included in § 106 to allow sponsored workers to progress in their careers despite unreasonable administrative agency delays.").

However, section 204(j) of the Act required aliens to be in the same or similar occupation in order for a visa petition to remain valid.  The INS deemed this to be necessary in order to avoid a recertification of the alien's labor certification by the DOL and clearly considered the "same or similar" determination to be within its realm of authority.  *See* Memorandum from

Michael D. Cronin, Acting Executive Associate Commissioner, Office of Programs, to Michael A. Pearson, Executive Associate Commissioner, Office of Field Operations (June 19, 2001), *reprinted in* 78 Interpreter Releases, No. 25, July 2, 2001, at 1069, 1071, & app. II at 1108, 1115. To make this determination, INS officials were directed to obtain a letter of employment from the new employer that contained the new job title, job description, and salary, as well as to consult the Department of Labor's Dictionary of Occupational Titles or its online O*NET classification system or similar publications.[4] *Id.* app. II at 1115. This would also allow the INS (now the DHS) to determine whether the alien was inadmissible under the public charge ground of inadmissibility pursuant to section 212(a)(4) of the Act, 8 U.S.C. § 1182(a)(4) (2000), and was therefore ineligible for adjustment of status.[5] *Id.*; *see also* section 245 of the Act, 8 U.S.C. § 1255 (2000).

We note that the process of determining whether the alien's new job is in the "same or similar" classification is tied to the original requirement for labor certification by the DOL. The labor certification process involves an analysis to determine whether there are sufficient workers available who are willing to accept the job in question and whether the alien's employment will adversely affect the wages and working conditions of United States workers. *See Pesikoff v. Sec'y of Labor*, 501 F.2d 757 (D.C. Cir. 1974); Ira J. Kurzban, *Immigration Law Sourcebook* 715 (9th ed. 2004).[6] Although domestic economic policy may be related to issues involving immigration, it is not within the Immigration Judges' realm of expertise to make determinations regarding such matters.

Furthermore, the process of obtaining adjustment of status based on an employment-based visa petition involves a "delicate interaction" between the DOL and immigration authorities. *See Medellin v. Bustos*, 854 F.2d 795, 797 (5th Cir. 1988). After the DOL determines that the American labor market will

---

[4] *See* Paparelli & Lee, *supra*, at 581 (arguing that in order to reduce further administrative delays when an alien changes jobs, the best approach for implementing section 204(j) would be to allow the alien to obtain an advisory opinion from the INS (now the DHS) without requiring a formal adjudication in every case).

[5] The Cronin memorandum stated that the INS was formulating proposed regulations to establish a policy framework in which to adjudicate benefits under section 106(c) of the AC21 and that, until these were established, adjudicators should consult on a case-by-case basis with Headquarters before denying cases on the ground that a new job was not in the same or similar classification. 78 Interpreter Releases, *supra*, at 1115.

[6] We note that the DOL has recently proposed a different approach to the labor certification process known as Program Electronic Review Management ("PERM"), which is designed to eliminate the backlog involved in certifying employment. *See* Kurzban, *supra*, at 716-17; Gary Endelman, *The Lawyer's Guide to § 212(a)(5)(A): Labor Certification from 1952 to PERM: Part I*, 81 Interpreter Releases, No. 38, Oct. 4, 2004, at 1353. Neither party has raised this as a potential issue that would affect this case. In any event, in light of the reasoning in our decision, we would again find that the Immigration Judges have no authority to assess visa petition eligibility, even under the new standards proposed.

not be adversely affected by the alien's employment, the various immigration agencies, i.e., the DHS, the Immigration Courts, and the Board, decide whether an alien should be granted adjustment of status. For the reasons stated above, it is clear that only DHS has the authority to approve a visa petition in this process. Once the visa petition is approved, the Immigration Judges have jurisdiction over the application for adjustment of status. However, without approval of the visa petition or a determination that one already approved remains valid following an alien's change in employment, the Immigration Judges have no authority to adjudicate an application for relief.[7] Accordingly, we find no merit to the respondent's assertion that the Immigration Judge has jurisdiction to apply section 204(j) of the Act and to grant his adjustment application.

## IV.  VOLUNTARY DEPARTURE

With regard to voluntary departure, the respondent also argues that a remand is inappropriate because the DHS deliberately withheld documents pertinent to his eligibility for relief so that he could not prepare to support his application. However, the transcript pages to which the respondent cites do not address his eligibility for voluntary departure. They pertain instead to the DHS's belief that the respondent is ineligible for adjustment of status because he is a persecutor. The Immigration Judge declined to address this issue because he found that he lacked jurisdiction over the adjustment of status application as a whole. Therefore, we find no error in our previous decision to remand for a further determination on the respondent's statutory eligibility for voluntary departure, a subject which was not addressed by the Immigration Judge.

## V.  CONCLUSION

In our prior decision, we found no error in the Immigration Judge's determination that he lacked jurisdiction to apply section 204(j) of the Act in this case. We are not persuaded by the respondent's assertions that our conclusion in that regard was incorrect. We are also unconvinced that our remand for further proceedings on the issue of voluntary departure was inappropriate. Accordingly, the respondent's motion to reconsider will be denied.

---

[7] We note that the overall policy of the AC21 is to ensure that skilled workers who are necessary to the American work force are granted the right to remain here if they meet the requirements set forth by the DOL and the Immigration and Nationality Act. Inasmuch as the DOL has clearly indicated its approval of the respondent's employment, and the respondent has asserted that he remains eligible for labor certification through his new employment, it is incumbent upon the DHS to determine whether the respondent's visa petition remains valid pursuant to section 204(j) of the Act.

**ORDER:** The respondent's motion to reconsider is denied.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with this opinion, and for the entry of a new decision.