In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-4122

DURABLE MANUFACTURING CO., et al.,

*Plaintiffs-Appellants,*

*v.*

UNITED STATES DEPARTMENT OF LABOR,
EMPLOYMENT AND TRAINING
ADMINISTRATION, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 2782—**Amy J. St. Eve**, *Judge.*

ARGUED JUNE 5, 2009—DECIDED AUGUST 18, 2009

Before MANION, ROVNER, and TINDER, *Circuit Judges.*

MANION, *Circuit Judge.* Fourteen unrelated Illinois businesses and fifteen aliens sued the Employment and Training Administration of the Department of Labor ("DOL") and the Bureau of Citizenship and Immigration Services of the Department of Homeland Security ("DHS"),

challenging a regulation promulgated by DOL that effectively invalidated labor certifications that had been issued to the plaintiffs. Following cross-motions for summary judgment, the district court entered judgment in favor of DOL and DHS. The plaintiffs appeal. We affirm.

## I.

Under § 203(b)(3)(A)(i) and (iii) of the Immigration and Nationality Act, Congress has made available a number of employment-based visas for aliens who qualify as skilled or unskilled workers. 8 U.S.C. § 1153(b)(3)(A)(i), (iii). An employer seeking to hire such a worker may file a visa petition (called a Form I-140 Petition for Immigrant Worker, 8 C.F.R. § 204.5(a)) with DHS on the alien's behalf. *Id.* § 1154(a)(1)(F).[1] Before a visa may be issued, however, the Secretary of Labor must have issued a labor certification in conformity with 8 U.S.C. § 1182(a)(5)(A)(i). *Id.* § 1153(b)(3)(C). That section provides as follows:

---

[1] Although this provision states that the petition should be filed with the "Attorney General," the authority to adjudicate immigrant visa petitions was transferred to the Director of the Bureau of Citizenship and Immigration Services (an agency within DHS) by the Homeland Security Act of 2002, Pub. L. No. 107-296, § 451(b), 116 Stat. 2135, 2196 (codified at 6 U.S.C. § 271(b)). Under 6 U.S.C. § 557, references in federal law to any agency or officer whose functions have been transferred to DHS shall be deemed to refer to the Secretary of DHS or other official or component to which the functions were transferred.

Any alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that (I) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii)) and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and (II) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

*Id.* § 1182(a)(5)(A)(i)(I)-(II).

Based on that statute, DOL has promulgated regulations pertaining to the labor certification process. 20 C.F.R. §§ 656.1-.41. Previously, with one exception not relevant here, § 656.30 provided that approved labor certifications were "valid indefinitely." *Id.* § 656.30(a) (2006). Following notice and comment rulemaking procedures,[2] however, § 656.30 was amended on May 17, 2007 (with an effective date of July 16, 2007)[3] to provide:

For certifications resulting from applications filed under this part and 20 CFR part 656 in effect prior to March 28, 2005, the following applies: (1) An approved permanent labor certification granted on or

---

[2] *See* 71 Fed. Reg. 7656-60 (February 13, 2006).

[3] *See* 72 Fed. Reg. 27,946 (May 17, 2007).

after July 16, 2007 expires if not filed in support of a Form I-140 petition with the Department of Homeland Security within 180 calendar days of the date the Department of Labor granted the certification. (2) An approved permanent labor certification granted before July 16, 2007 expires if not filed in support of a Form I-140 petition with the Department of Homeland Security within 180 calendar days of July 16, 2007.

20 C.F.R. § 656.30(b)(1)-(2) (2009). According to DOL, one reason for the new regulation was to curb the growing black market in labor certifications, wherein indefinitely valid labor certifications were traded and sold to the highest bidder. 71 Fed. Reg. 7659. Another reason for creating a finite validity period for labor certifications was to "more closely adhere[]" to the command of 8 U.S.C. § 1182(a)(5)(A)(i)(I) that DOL gauge the sufficiency of the supply of able, willing, qualified, and available workers at the time of the visa application. 72 Fed. Reg. 27,924. DOL further explained that "[l]abor market conditions are subject to rapid change, and it is consistent with DOL's mandate under [§ 1182(a)(5)(A)(i)(I)] to require a retest of the market after the passage of [180 days]." *Id.* Moreover, DOL concluded that "[t]he imposition of a validity period is a logical mechanism by which the Department can ensure that the information upon which a determination was based remains legitimate." 72 Fed. Reg. 27,925.

Between March 2001 and May 2007, fourteen unaffiliated Illinois businesses filed applications for labor certifications on behalf of fifteen potential alien employees.

Thirteen of the fifteen applications were approved before the amended § 656.30(b) took effect on July 16, 2007; the other two applications were approved after that date.[4] After eight of the alien workers' visa petitions[5] were rejected by DHS because of expired labor certifications, the fourteen businesses and fifteen aliens filed suit against DOL and DHS in the Northern District of Illinois. In their complaint, the plaintiffs sought a declaratory judgment that DOL's promulgation of the amended § 656.30(b) was beyond its authority or, alternatively, that retroactive application of the amended regulation is unlawful. The eight plaintiffs who had their visa petitions denied also sought a writ of mandamus against DHS to compel the agency to process their visa petitions.

Following cross-motions for summary judgment, the district court granted summary judgment in favor of the defendants and denied the same for the plaintiffs. The plaintiffs appeal.

## II.

"We review de novo the district court's disposition of cross-motions for summary judgment, while construing the evidence and all reasonable inferences in favor of the

---

[4] These were the applications of Dijuje Group, Inc. and Country Landscaping & Supply filed on behalf of Bolivar Bautista Castelan and Manuel Quintana, respectively

[5] Of the fifteen potential immigrant employees, ten filed visa petitions and five did not.

party against whom the motion under consideration is made." *Rickher v. Home Depot, Inc.*, 535 F.3d 661, 664 (7th Cir. 2008). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## A.

The plaintiffs first assert that DOL's amendment of § 656.30 to limit the validity of labor certifications was beyond the scope of its statutory authority.[6] DOL responds that it was acting within its authority when it amended § 656.30. The Supreme Court instructs that "[a]lthough agency determinations within the scope of delegated authority are entitled to deference, it is fundamental 'that an agency may not bootstrap itself into an area in which it has no jurisdiction.'" *Adams Fruit Co., Inc. v. Barrett*,

---

[6] The plaintiffs do not contend that DOL lacks statutory authority to issue regulations pertaining to labor certifications in general. In fact, they assume in their briefs that such authority exists. We will proceed under that assumption for the purposes of this opinion, and thus we need not resolve the question we left unanswered in *Production Tool Corp. v. Employment & Training Administration*, 688 F.2d 1161, 1167 n.1 (7th Cir. 1982), and *Industrial Holographics, Inc. v. Donovan*, 722 F.2d 1362, 1366 n.6 (7th Cir. 1983): whether DOL's regulations are legislative rules promulgated pursuant to an implied congressional delegation of power or merely interpretive rules issued through DOL's inherent authority.

494 U.S. 638, 650 (1990) (quoting *Fed. Mar. Comm'n v. Seatrain Lines, Inc.*, 411 U.S. 726, 745 (1973)). Accordingly, this circuit reviews de novo an agency's determination of the scope of its own jurisdiction. *N. Illinois Steel Supply Co. v. Sec'y of Labor*, 294 F.3d 844, 847 (7th Cir. 2002). We examine the text and purpose of a statute to determine whether a regulation falls within the scope of the authority the statute delegates. *See Am. Hosp. Ass'n v. Schweiker*, 721 F.2d 170, 176-78 (1983).

Under § 1182(a)(5)(A)(i), the Secretary of Labor must make two substantive determinations before issuing a labor certification: 1) there is an insufficient number of able, willing, qualified, and available workers (hereinafter "sufficient workers determination"); and 2) employment of the alien will not adversely affect the wages and working conditions of similarly situated workers. Of key importance here, when making the sufficient workers determination, the Secretary must certify that the supply of such workers is insufficient at a specific point in time: "at the time of application for a visa and admission to the United States." 8 U.S.C. § 1182 (a)(5)(A)(i)(I). By declaring approved labor certifications indefinitely valid without any linkage to the filing of a visa petition, the earlier version of § 656.30(a) did not apply the statutory provision that the sufficient workers determination be made "at the time of application for a visa." Section 656.30 was amended so that a labor certification expires if not filed in support of a visa application within 180 days of the certification's approval. Thus, DOL implemented § 1182(a)(5)(A)(i)(I) by imposing a time limit between the certification and the visa application. Put another way, DOL's imposition of that

time limitation on the validity of a labor certification ensures that the sufficient workers determination reflects the state of the labor market at the time the anticipated employee's application for a visa and admission is made. Assuming that DOL possessed statutory authority to promulgate regulations pertaining to labor certifications, then the amended § 656.30(b) is within the scope of DOL's authority because it complies with the explicit language from § 1182(a)(5)(A)(i)(I).

In addition, the amendment is consistent with one of the overarching purposes behind labor certifications: protection of the domestic labor force from job competition. *Prod. Tool Corp.*, 688 F.2d at 1168. Section 656.30(b) limits the validity of approved labor certifications: if, within 180 days of issuance, an approved certification is not filed in support of a petition for a visa and admission, it becomes void. Thus, the amended § 656.30(b) ensures that the snapshots of the labor market taken when labor certifications are approved are not stale appraisals of the labor market when the visa petitions are filed. This protects Americans who are currently able, willing, qualified, and available to fill certain skilled and unskilled positions from having to compete with aliens who were issued labor certifications (and are now applying for visas) at a time when the domestic work force was insufficient to fill such positions.

As the plaintiffs point out, merely because an approved labor certification is filed in support of a visa application within the amended § 656.30(b) time frame does not ensure that, at the time of a visa's *issuance* by DHS (the process can take a while), the current labor

market is roughly the same as it was at the time the labor certification was issued. But that is an issue for Congress and DHS to address. The point remains that the new § 656.30(b) advances, to some degree, the congressional purpose of protecting American workers.[7]

In sum, we conclude that the promulgation of § 656.30(b) was within DOL's statutory authority because it comports with the textual mandate of § 1182(a)(5)(A)(i)(I) for DOL to ascertain the sufficiency of workers at the time an application for a visa is made, and it furthers one of the congressional purposes behind the labor certification requirement.[8]

---

[7] The plaintiffs rely on *Medellin v. Bustos*, 854 F.2d 795 (5th Cir. 1988), to argue that the amendment is outside of DOL's authority because it intrudes upon turf committed solely to DHS's administration, i.e., management of the visa petition process. This case is materially distinguishable from *Medellin*. In *Medellin*, the Fifth Circuit held that a DOL operating instruction had in effect rewritten the relevant statute (the current § 1182(a)(5)(A)(i)) because there was no statutory language suggesting DOL could limit a labor certification to the alien originally named in the application, 854 F.2d at 798. Here, however, there is indeed statutory language clearly directing that DOL's sufficient workers determination be linked in time to the filing of a visa application. Hence, the amendment was consistent with the statutory division of administrative authority between DOL and DHS.

[8] The plaintiffs do not challenge the reasonableness of DOL's interpretation of § 1182(a)(5)(A)(i)(I) in its promulgation of

(continued...)

## B.

Alternatively, the plaintiffs argue that even if DOL had the statutory authority to promulgate the amended § 656.30(b), that regulation has an impermissibly retroactive effect as applied to them. We review de novo the question of whether a law operates retroactively. *Faiz-Mohammad v. Ashcroft*, 395 F.3d 799, 801 (7th Cir. 2005).

In *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), the Supreme Court set forth the analytical framework for determining whether a statute is retroactive.[9] First, we ask whether Congress has spoken clearly regarding whether the law should apply retroactively. *Landgraf*, 511 U.S. at 257, 280. When, as here, an administrative rule is at issue, the inquiry is two-fold: whether Congress has expressly conferred power on the agency to promulgate rules with retroactive effect and, if so, whether the agency clearly intended for the rule to have retroactive effect. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208

---

[8] (...continued)
§ 656.30(b), so we have no occasion to reach the issue. For that reason, no *Chevron* (*U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)) analysis, which is the level of deference we would apply given the plaintiffs' assumption, *see supra* note 6, is required in this case.

[9] The *Landgraf* analysis applies equally to administrative rules. *See Mejia v. Gonzales*, 499 F.3d 991, 997 (9th Cir. 2007); *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 213 (2d Cir. 2006); *Nat'l Mining Ass'n v. Dep't of Labor*, 292 F.3d 849, 859 (D.C. Cir. 2002).

(1988); *Clay v. Johnson*, 264 F.3d 744, 749 (7th Cir. 2001). We are unaware of any express statutory provision indicating congressional approval of retroactive rulemaking by DOL in regard to labor certifications. Therefore, we proceed to the second *Landgraf* step, which is to ask whether the regulation has retroactive effect. 511 U.S. at 269-70, 280. A law is not retroactive merely because it is applied to conduct before the law was passed or upsets expectations based in prior law. *Id.* at 269. Rather, a law has retroactive effect if it "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280. Instead of being a "simple or mechanical task," *id.* at 268, the determination of whether a law operates retroactively requires a "commonsense, functional judgment about 'whether the new provision attaches new legal consequences to events completed before its enactment,'" *Martin v. Hadix*, 527 U.S. 343, 357-58 (1999) (quoting *Landgraf*, 511 U.S. at 270). That judgment is informed by considerations of notice, reliance, and settled expectations. *Landgraf*, 511 U.S. at 270. If § 656.30(b) operates retroactively, the traditional presumption against the application of retroactive laws dictates that it cannot be applied in this case. *Id.* at 280.

With regard to the two labor certifications that DOL approved after the new regulation took effect on July 16, 2007, it is clear that § 656.30(b) has no retroactive effect. The filing of an application for a labor certification is simply a preliminary step for obtaining a labor certifica-

tion. Because it is not a final determination or event, no new legal consequences would affect the application as a result of the amended § 656.30(b). *See Labojewski v. Gonzales*, 407 F.3d 814, 822 (7th Cir. 2005) (holding that an application for a visa petition, which was a prerequisite to the filing of an application for adjustment of status, could not be considered a " 'completed transaction' that gives rise to vested rights or settled expectations for purposes of the presumption against retroactivity"); *see also Bellsouth Telecomms., Inc. v. Se. Tel., Inc.*, 462 F.3d 650, 660-61 (6th Cir. 2006) (stating that "filing an application with an agency does not generally confer upon the applicant an inviolable right to have the agency rule on the application pursuant to the regulations in effect at the time of filing"); *Pine Tree Med. Assocs. v. Sec'y of Health & Human Servs.*, 127 F.3d 118, 121 (1st Cir. 1997) (holding that "the mere filing of an application is not the kind of completed transaction in which a party could fairly expect stability of the relevant laws as of the transaction date"); *Chadmoore Commc'ns, Inc. v. FCC*, 113 F.3d 235, 241 (D.C. Cir. 1997) (finding that no right vested upon the filing of plaintiff's application for an extended implementation period to construct a mobile radio system).

The thirteen aliens whose labor certifications were approved prior to July 16, 2007, argue that their labor certifications were valid permanently and thus gave them a vested right to file employment-based visa petitions supported by such certifications *at any time*. They contend the amended § 656.30(b) is impermissibly retroactive because it impaired such a right. Not so. Any right that might have been created with respect to the

time period of validity of the labor certifications would have come from the earlier version of § 656.30(a) promulgated by DOL. That version simply stated that approved labor certifications were valid "indefinitely." The plaintiffs' characterization of their labor certifications as permanently valid is unfounded. In common usage, the term "indefinite" means "having no exact limits; indeterminate in extent or amount; not clearly fixed." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1147 (2002). Thus, labor certifications approved under the old regulation were not valid permanently, but only so long as no definite period of validity was fixed by DOL. By definition, then, any "right" that the plaintiffs may have obtained to file their approved labor certifications in support of visa petitions at any time they chose was co-extensive with the duration of the "indefinite" regulation. When DOL amended § 656.30(b) essentially to establish a 180-day time limit for previously approved labor certifications, the plaintiffs' right to the certifications' indefinite validity ended. Therefore, upon the approval of the updated § 656.30(b), the plaintiffs did not possess any vested right that the amended regulation could impair.[10] Similarly, any expectations that the plaintiffs

---

[10] The plaintiffs rely on *Maceren v. District Director, INS*, 509 F.2d 934 (9th Cir. 1974), in support of their retroactivity argument, but that case is materially distinguishable. In *Maceren*, an alien was denied a visa because the labor certification supporting his preference petition expired due to the promulgation of a new rule by DOL. 509 F.2d at 937-38. The new regulation, which placed a one-year validity period on all

(continued...)

had regarding the continued validity of their labor certifications were not settled due to the unfixed character of the old regulation. Accordingly, we hold that application of the new § 656.30(b) has no retroactive effect in this case.

## III.

We conclude that § 656.30(b) falls within the scope of DOL's statutory authority to promulgate regulations pertaining to the labor certification process. Further, we hold that § 656.30(b) does not operate retroactively. For these and all foregoing reasons, we AFFIRM the judgment of the district court.

---

[10] (...continued)
labor certifications, rendered the alien's previously approved labor certification invalid immediately without any opportunity to preserve its validity. *Id.* After balancing the inequities of retroactive application of the regulation against the statutory interests, the Ninth Circuit held that retroactive application of the regulation was improper. *Id.* at 939-41.

By contrast, in this case the plaintiffs' labor certifications were not rendered invalid on the effective date of § 656.30(b); rather, the plaintiffs were afforded 180 days in which they could preserve the validity of their previously approved labor certifications. This was the same 180-day limitation attached to certifications approved after July 16, 2007.