08-4081-ag
*Ahmad v. Holder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of May, two thousand ten.

PRESENT:

> ROSEMARY S. POOLER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

---

MUSHTAQ IMRAN AHMAD-MUSHTAQ, a.k.a.
IMRAN MUSHJA MOSHTAQ AHMAD,
> *Petitioner*,

-v.-                                            No. 08-4081-ag
                                                Summary Order
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,*
> *Respondent*.

---

William E. Graves, Jr., Graves & Doyle, Boston, MA, *for Petitioner*.

Michele Y. F. Sarko, Office of Immigration Litigation (Michael F. Hertz, Acting Assistant Attorney General, Civil Division, and Michelle G. Latour, Assistant Director, Office of Immigration Litigation, on the brief), U.S. Department of Justice, *for Respondent*.

---

*Eric H. Holder, Jr., is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the Government's motion to remand to the BIA is GRANTED. The decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings. Ahmad's petition for review and motion for stay of deportation are DISMISSED as moot.

Petitioner Mushtaq Imran Ahmad-Mushtaq ("Ahmad"), a native and citizen of Pakistan, seeks review of a July 22, 2008 order of the BIA adopting and affirming an August 31, 2006 decision of Immigration Judge ("IJ") Michael W. Straus. The IJ had found Ahmad removable as charged and also denied Ahmad's application for adjustment of status after concluding, based on the BIA's decision in *In re Perez Vargas*, 23 I & N Dec. 829 (BIA 2005), that he lacked jurisdiction to determine whether Ahmad's approved employment-based visa petition remained valid under section 204(j) of the Immigration and Nationality Act, 8 U.S.C. § 1154(j), following a change in Ahmad's employer sponsor. *See In re Mushtaq Imran Ahmad-Mushtaq a.k.a. Imran Mushja Moshtaq Ahmad*, No. A79 076 798 (B.I.A. July 22, 2008), *aff'g* No. A79 076 798 (Immig. Ct. Hartford, CT, Aug. 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The Government requests that we remand this case to the BIA in light of the Board's recent decision in *In re Marcal Neto*, 25 I & N Dec. 169 (BIA 2010), which overruled the Board's precedent in *Vargas*. As noted, both the IJ and BIA in this case relied on *Vargas* in concluding that the IJ lacked jurisdiction to determine whether Ahmad's new job was "in the same or a similar occupational classification as the job for which [his adjustment of status] petition was filed," 8

U.S.C. § 1154(j), and therefore whether his employment-based visa petition remained valid. As a result, they considered themselves powerless to offer Ahmad the relief he sought. In *Neto*, by contrast, after reviewing decisions of the Fourth, Fifth, and Sixth Circuits rejecting the reasoning of *Vargas*, the Board concluded that IJs do in fact possess jurisdiction to make the relevant determinations under section 1154(j). *See* 25 I & N Dec. at 171-76 (noting decisions in *Sung v. Keisler*, 505 F.3d 372 (5th Cir. 2007); *Matovski v. Gonzales*, 492 F.3d 722 (6th Cir. 2007); *Perez-Vargas v. Gonzales*, 478 F.3d 191 (4th Cir. 2007)).

Under these circumstances, we agree that remand to the Board for further proceedings is appropriate. *See NLRB v. Food Store Employees Union*, 417 U.S. 1, 10 n.10 (1974) ("[A] court reviewing an agency decision following an intervening change of policy by the agency should remand to permit the agency to decide in the first instance whether giving the change retrospective effect will best effectuate the policies underlying the agency's governing act."); *see also Xiu Fen Xia v. Mukasey*, 510 F.3d 162, 167-68 (2d Cir. 2007) (discussing when remand under *Food Store Employees* is proper). Accordingly, the Government's motion to remand to the BIA is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA . Ahmad's petition for review and motion for stay of deportation are DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk