**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELCHOR KARL T. LIMPIN, | No. 19-55369 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01729-JLS-WVG |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted October 26, 2020[**]

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Melchor Karl T. Limpin appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction his action alleging that he was wrongfully arrested and detained in connection with removal proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ma v. Reno*, 114

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 128, 130 (9th Cir. 1997), and we affirm.

The district court properly dismissed Limpin's action for lack of subject matter jurisdiction because claims stemming from the decision to arrest and detain an alien at the commencement of removal proceedings are not within any court's jurisdiction.  *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter[.]"); *Sissoko v. Rocha*, 509 F.3d 947, 948-49 (9th Cir. 2007) (where detention arose from decision to commence removal proceedings, § 1252(g) stripped any court of jurisdiction over Fourth Amendment false arrest claim); *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) ("We construe § 1252(g) . . . to include not only a decision . . . whether to commence, but also when to commence a proceeding[.]").

We reject as without merit Limpin's contention that the arrest warrant was defective because it was not signed by an immigration judge.  *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested . . . .").

**AFFIRMED.**