Susi ENE; Mare Kutt; Elvi Parmo, Plaintiffs–Appellants,

v.

Jerry PHILLIPS, Officer in Charge, Louisville, Kentucky Office of the Immigration and Naturalization Service, Defendant–Appellee.

No. 03–5326.

United States Court of Appeals, Sixth Circuit.

May 19, 2004.

---

Candace C. Crouse, Sirkin, Pinales & Schwartz, Firooz T. Namei, McKinney & Namei, Cincinnati, OH, for Plaintiffs–Appellants.

Marianna Jackson Clay, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Defendant–Appellee.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.

Three illegal immigrants sued the Immigration and Naturalization Service to enjoin its commencement of deportation proceedings against them. Their suit followed INS's notice that if they did not voluntarily depart, it would deport them. We affirm the district court's decision to dismiss the claims because 8 U.S.C. § 1252(g) divests federal courts of jurisdiction to review these deportation decisions.

I

This court reviews de novo the district court's dismissal of a case for lack of subject-matter jurisdiction. *Pak v. Reno,* 196 F.3d 666, 669 (6th Cir.1999). Congress enacted § 1252(g) to limit the jurisdiction of federal courts which "are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress...." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (citing *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 173–180, 2 L.Ed. 60 (1803)). Section 1252(g) provides:

> (g) Exclusive jurisdiction
>
> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

This provision applies "to three discrete actions that the Attorney General may take: [the] 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American–Arab Anti–Discrimination Comm.,* 525 U.S. 471, 482, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (emphasis in original) (*AADC*). The initiation and prosecution of various stages in the deportation process are within the Attorney General's discretion and not subject to judicial review. *Id.* at 483.

INS notified appellants that they must leave voluntarily or it would deport them. Appellants sued prior to the passing of the voluntary departure deadline. The district court held that § 1252(g) deprived it of jurisdiction to review INS's decision—evidenced by the option to voluntarily depart or face deportation—to commence proceedings. *See, e.g., Botezatu v. INS,* 195 F.3d 311, 314 (7th Cir.1999) (INS decision *not* to allow voluntary departure is within the scope of § 1252(g)). The goal of § 1252(g) is to protect the "Executive's discretion from the courts." *AADC,* 525 U.S. at 486. INS exercised its discretion by ordering appellants to depart the United States or be deported and the district court concluded correctly that § 1252(g) deprived it of jurisdiction to review that decision.

## II

For these reasons, we affirm the district court's dismissal of appellants' case.