*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0465p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ARDIAN KELLICI and MARSIDA KELLICI,

*Petitioners,*

*v.*

Nos. 05-3851/3852

ALBERTO GONZALES,

*Respondent.*

On Petition for Review Upon Transfer
from the Eastern District of Michigan.
Nos. A78 151 873; A78 151 874.

Submitted: October 31, 2006

Decided and Filed: December 21, 2006

Before: SILER, GILMAN, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Benjamin Whitfield, Jr., Detroit, Michigan, for Petitioners. Robert W. Haviland, ASSISTANT UNITED STATES ATTORNEY, Flint, Michigan, for Respondent.

_____

## ORDER AND OPINION

_____

GRIFFIN, Circuit Judge. Petitioners Ardian and Marsida Kellici are immigrants from Albania who entered the United States illegally. Following immigration proceedings below, they each petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district court transferred their petitions to this court pursuant to § 106(c) of the REAL ID Act of 2005. On appeal, the government moves to dismiss the petitions, alleging that this court lacks jurisdiction.

For the reasons that follow, we grant the government's motion and remand the Kellicis' petitions to the district court.

I.

The Kellicis are natives and citizens of Albania. They attempted to enter the United States using false passports and were subsequently placed in removal proceedings. Their applications for withholding of removal and relief under the Convention Against Torture Act ("CAT") were denied by an Immigration Judge ("IJ") in March 2002. They subsequently appealed to the Board of

Immigration Appeals ("BIA"), which affirmed the IJ's decision without opinion. The Kellicis did not seek judicial review in this court, but moved the BIA for reconsideration. Their motion for reconsideration was denied, and the Kellicis timely petitioned this court for review. On review, this court initially noted that the original decision denying relief from removal could not be reviewed because only the denial of reconsideration was appealed. Then, this court held that the Kellicis had not established any abuse of discretion by the BIA in denying their motion for reconsideration and denied the petition for review. *See Kellici v. Ashcroft*, 101 F. App'x 615 (6th Cir. 2004) (unpublished).

Following this decision, the Bureau of Immigrations and Customs Enforcement ("ICE") sent a letter to Ardian Kellici directing him to report to the INS office in Detroit, Michigan, on December 13, 2004. The letter was returned by the Postal Service marked "Attempted Not Known." On February 1, 2005, ICE officials arrested Ardian and took him into custody. On February 14, 2005, Ardian filed a petition for a writ of habeas corpus in the Eastern District of Michigan, claiming that he never received notice of the December 13, 2004, report date. The petition did not mention the hearings before the IJ and BIA, or the final order of removal. The constitutional violation alleged in the initial habeas petition was that "the government's failure to deliver or provide to Petitioner notice of the date, time, and place of hearing denied him due process of law. . . ." A stay of deportation was neither sought nor granted, and, on February 16, 2005, before the government received his habeas petition, Ardian was deported to Albania. Marsida Kellici filed a similar habeas petition on February 22, 2005. She alleged that "based upon what happened to her husband, [she] is subject to a final Order of Deportation, and is therefore in custody for purposes of [28 U.S.C.] § 2243." Like Ardian's petition, her petition challenged only the government's failure to provide notice as she "did not receive a copy of the Order to Appear and thus lacked knowledge of the hearing."

Ardian filed an amended habeas petition on April 22, 2005, more than two months after his deportation, acknowledging that he had been removed to Albania. He contended, among other things, that his petition was not moot and that the district court had jurisdiction "to review whether inadequate or faulty translation services denied the Petitioner the right to a full and fair [removal] hearing and therefore deprived him of Due Process of Law in violation of the Fifth Amendment." He did not ask the district court for permission to amend his petition, and, for that reason, the government contends that the amended petition was not properly before the court.

On May 11, 2005, the REAL ID Act of 2005 ("REAL ID Act"), Pub. L. No. 109-13, 119 Stat. 231, became effective. On June 16, 2005, without the benefit of briefing from the parties, the district court sua sponte transferred the Kellicis' cases to this court pursuant to the REAL ID Act. The basis for the transfers was that Ardian had been removed and was no longer challenging his detention. In the view of the district court, he was now contesting his final administrative order of removal. Likewise, Marsida was not detained and was also challenging her removal. Thus, the district court concluded the cases were appropriate to transfer to this court.

The government now moves to dismiss and remand to the district court on the ground that the transfer of these cases was not authorized by the REAL ID Act. We agree and therefore grant the motion.

## II.

The district court transferred this habeas petition pursuant to Section 106(c) of the REAL ID Act, which provides:

> If an alien's case, brought under section 2241 of title 28, United States Code, *and challenging a final administrative order of removal, deportation, or exclusion*, is

pending in a district court on the date of the enactment of this division [May 11, 2005], then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252 [subsec. (b)(2) of this section]), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section [subsec. (b)(1) of this section] shall not apply.

8 U.S.C. § 1252(a)(5), *as added by* § 106(a)(1)(B) of the REAL ID Act, Pub.L. 109-13 (emphasis added). In short, this statute deprives the district court of jurisdiction over habeas petitions challenging "final administrative order[s] of removal, deportation, or exclusion." *Id.* When transferring petitioners' cases to this court, the district court reasoned:

> Although the petition was filed on February 14, 2005 while Petitioner was being detained . . . Petitioner was deported two days later . . . . The deportation hearing was pursuant to the removal order of the Immigration Judge. Therefore, Petitioner is not challenging any detention, but rather the final administrative order of removal.

The initial question is whether we have jurisdiction over the first, second, or both of Ardian's habeas petitions. The first habeas petition, filed on February 16, 2005, challenged the constitutionality of Ardian's arrest and detention and, as the district court concluded, possibly implicated the underlying order of removal. Ardian's amended petition, filed on April 22, 2005, explicitly challenged the constitutionality of the arrest, detention, and underlying order of removal.

Petitioners argue that jurisdiction, after having properly attached in a habeas proceeding, is not divested by the removal of petitioners from the United States, and, thus, the court should consider the second habeas petition. The government disagrees and urges this court to hold that the second petition is invalid pursuant to Federal Rule of Civil Procedure 15(a) and because Ardian's second habeas petition was not filed while he was "in custody under or by color of the authority of the United States." We agree with the government with respect to the former argument and thus need not address the latter.

Section 2242 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The applicable civil rule, Federal Rule of Civil Procedure 15(a), provides that a party may amend its pleading "once as a matter of course at any time before a responsive pleading is served or [in certain circumstances] . . . within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party. . . ." Here, Ardian Kellici's second petition was filed after the government had filed a responsive pleading and was not subject to the twenty-day exception. Petitioner neither sought nor obtained leave of court or the consent of the government to amend the petition. Accordingly, we conclude that the amended petition was not properly before the court. Thus, we consider only Ardian's first habeas petition.

## III.

Having concluded that we will address only Ardian's first habeas petition and Marsida's petition, we next consider whether these petitions challenge the "final order of removal," thus affording this court jurisdiction under the REAL ID Act.

The REAL ID Act applies only to habeas cases, or the relevant portion of habeas cases, pending on May 11, 2005 "challenging a final administrative order of removal, deportation, or exclusion . . . ." § 106(a)(1)(B), Pub. L. No. 109-13. Whether an alien's habeas petition necessarily challenges the merits of the underlying administrative order of removal for purposes of jurisdiction under the REAL ID Act is a matter of first impression in this circuit; we conclude that it does not.[1] Where a habeas case does not address the final order, it is not covered by the plain language of the Act. The First Circuit recently addressed this issue, and held that where a petitioner challenged only his continued detention in a habeas petition, rather than his removal, the case could not be transferred to the court of appeals pursuant to Section 106(c). *Hernandez v. Gonzales,* 424 F.3d 42, 42-43 (1st Cir. 2005) ("[According to] the legislative history of the Act, those provisions were not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" (quoting H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005)).[2] Based upon the plain language of the statute, *Arlington Central Sch. Dist. Bd. of Ed. v. Murphy*, 548 U.S. —, 126 S. Ct. 2455 (2006), we agree with this conclusion.

Here, Ardian's first petition and Marsida's petition did not contest or even mention the hearings before the IJ and BIA and the final order of removal. The government contends, and we agree, that the Kellicis' habeas petitions challenged only the constitutionality of the arrest and

---

[1]We take note of the sparse collection of cases addressing the REAL ID Act. This court recently addressed a case where an alien's basis for filing a habeas petition was a lack of due process claim stemming from allegedly ineffective assistance of counsel. *Feldman v. Gonzales*, No. 04-3784, 2005 WL 3113488 at *2 (6th Cir. Nov. 21, 2005) (unpublished). Although the petitioning immigrant framed his habeas petition only as an ineffective assistance of counsel claim, not a direct challenge to the *merits* of the administrative order of removal, this court proceeded to address Feldman's arguments, thereby implicitly assuming jurisdiction over the petition. *Id.*

Similar in result is an Eighth Circuit case, where–like here–the petitioning alien filed a habeas petition challenging his detention for lack of notice regarding his removal hearing. *Haider v. Gonzales*, 438 F.3d 902, 910 (8th Cir. 2006). Addressing a very similar set of facts, the court held:

> [t]he District Court concluded that it was "left with the inescapable conclusion that [Haider]'s challenge to the constitutionality of the notice provided to him, is, in effect, a challenge to the ultimate Order of Removal." Report & Recommendation at 8. The Petition for Review that Haider filed with this Court vested in us "the sole and exclusive means for judicial review of an order of removal." REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, § 106(a), 119 Stat. 231, 310 (2005) (codified at 8 U.S.C. § 1252(a)(5)). We agree with the District Court that Haider makes the same argument, i.e., that the in absentia removal order was invalid due to lack of notice, in his Petition for Writ of Habeas Corpus that he makes in his Petition for Review. Because Haider's Petition for Writ of Habeas Corpus does nothing more than attack the IJ's removal order, our Court "shall be the sole and exclusive means for judicial review." Accordingly, we conclude that the District Court rightly complied with the REAL ID Act by transferring Haider's habeas case to us.

*Id.* Likewise, in *Ginters v. Cangemi*, 419 F. Supp. 2d 1124 (D. Minn. 2006) (transferred to *Ginters v. Gonzales*, No. 06-16-73, 2006 WL 3371648 (8th Cir. July 28, 2006)), the district court found that a determination in favor of an alien on his claim that there was an improper determination that his marriage to an American citizen was a sham *indirectly* challenged the validity of his removal order, even though the petition did not ask the court to specifically review the denial of his asylum application and withholding of removal. Thus, the district court concluded, it did not have habeas corpus jurisdiction over his claim.

[2]*See also Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal."); *Sissoko v. Rocha*, 440 F.3d 1145 (9th Cir. 2006) (holding no removal order where an alien brought claims against an immigration inspection officer alleging that he was improperly detained); *Singh v. Chertoff*, No. C05-1454, 2005 WL 2043044 (N.D. Cal. Aug. 24, 2005) (holding that an alien's due process challenges to the procedures used in terminating his asylum status did not arise out of the government's attempt to remove him from the United States, and, thus, the district court had jurisdiction over the case); *Ahmad v. Chertoff*, No. 05-0853, 2005 WL 1799752 (W.D. Wash. July 27, 2005) (unpublished) (transferring the portion of the petitioner's claim that challenged the order of removal to appellate court, but retaining jurisdiction over the portion that challenged his continued detention).

detention, *not* the underlying administrative order of removal.  Therefore, we hold that we lack jurisdiction over these due process claims and, accordingly, remand to the district court.

IV.

For the foregoing reasons, we grant the motion to dismiss and remand Ardian Kellici's first habeas petition and Marsida Kellici's petition to the district court for further proceedings.