*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0100p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MERITA MUKA et al.,

             *Petitioners-Appellants,*

       *v.*

ROBIN BAKER et al.,

             *Respondents-Appellees.*

No. 07-2459

>

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 06-15619—Paul V. Gadola, District Judge.

Submitted: March 13, 2009

Decided and Filed: March 17, 2009

Before: MOORE and WHITE, Circuit Judges; OLIVER, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Marshal E. Hyman, Russell R. Abrutyn, MARSHAL E. HYMAN & ASSOCIATES, Troy, Michigan, for Appellants. Robert W. Haviland, ASSISTANT UNITED STATES ATTORNEY, Flint, Michigan, for Appellees.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. Petitioners-Appellants Merita Muka, her husband, Ilirian Muka, and their children, Lionela and Brajen Muka (collectively referred to as "the Mukas"), appeal the district court's dismissal of their habeas petition for lack of subject-matter jurisdiction. Specifically, the Mukas argue

_____

[*]The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

that:  (1) in the instant case, application of the provisions of the REAL ID Act of 2005, 8 U.S.C. § 1252, divesting the district court of jurisdiction over writs of habeas corpus in immigration cases would violate the Suspension Clause of the U. S. Constitution; and (2) the Mukas are entitled to protection from removal under 8 U.S.C. § 1255(i).

For the reasons discussed below, we disagree with the Mukas' first argument, which is dispositive in this case, and **AFFIRM** the district court.

## I.  FACTS AND PROCEDURE

The underlying facts of this case were accurately recited in a prior opinion and are mostly unnecessary in disposing of the instant appeal; therefore, we will only briefly summarize the facts.  The Mukas, citizens of Albania, illegally entered the United States in 1999.  *Muka v. Gonzales*, 179 F. App'x 343, 344 (6th Cir. 2006) (unpublished opinion) ("*Muka I*").  The Mukas filed applications for asylum and withholding of removal and, after a hearing, the immigration judge ("IJ") denied their applications on May 30, 2003.  The IJ ordered the Mukas removed.  The Board of Immigration Appeals ("BIA") affirmed that decision on November 1, 2004.  The Mukas then petitioned this court for review of the BIA decision, which a panel of this court denied on May 5, 2006.

Subsequently, on December 15, 2006, the Mukas filed a petition for a writ of habeas corpus in the district court, claiming that the district court had jurisdiction to review the case under 28 U.S.C. § 2241, and asking the district court "to review the lawfulness of the order of removal entered against [the Mukas] and to issue an immediate stay of removal pending the outcome of these proceedings."  Record ("R.") at 4 (Pet. for Writ ¶ 1).  The Mukas asserted that they were "the beneficiaries of an approved visa petition filed by Merita Muka's United States citizen brother," and that "[b]y virtue of this petition, the family will be eligible for adjustment of status under 8 U.S.C. § 1255(i) when an immigrant visa becomes available."[1]  R. at 4 (Pet. for Writ

---

[1] Title 8 of the United States Code, § 1255(i), pertains to the ability of aliens to adjust their status in certain circumstances.  For purposes of the instant appeal, it is important to note that

> an alien physically present in the United States . . . who is the beneficiary (including a spouse or child of the principal alien, if eligible to receive a visa under section 1153(d) of this title) of . . . a petition for classification under section 1154 of this title that was

¶ 2).  According to the Mukas, Merita's brother filed a "Petition for Alien Relative (Form (I-130))" on Merita's behalf on April 30, 2001, which was approved on July 1, 2002.  R. at 8 (Pet. for Writ ¶ 18).  The petition has a priority date of April 30, 2001; however, immigrant visas are not yet available for individuals with such a late priority date.  Mukas Br. at 12.  The Mukas do not explain, either in their habeas petition or in their brief before this court, why they did not raise this argument during their initial removal proceedings or in their petition for review.

The Government responded to the Mukas' habeas petition by requesting that the district court dismiss the petition.  Specifically, the Government asserted that provisions of the REAL ID Act of 2005, codified at 8 U.S.C. § 1252, "clearly deprived [the district court] of jurisdiction to consider [the Mukas'] claim for habeas relief."  R. at 37 (Resp. to Pet. at 4).  On October 18, 2007, the district court issued an order agreeing with the Government.  After analyzing three separate provisions of the REAL ID Act, the district court found that "the clear and unambiguous language of the statute deprives this Court of jurisdiction to grant the relief that Petitioners request." *Muka v. Baker*, No. 06-15619, 2007 WL 3038009, *2-3 (E.D. Mich. Oct. 18, 2007) ("*Muka II*").  Furthermore, the district court noted that the Mukas "ha[d] already sought a review of the BIA's decision by the Sixth Circuit," at which time "[t]he Court of Appeals conducted the review, agreed with the BIA, and denied the petition for review." *Id*. at *4.  The district court concluded that "Petitioners' argument that the denial of their petition for a writ of habeas corpus would be in violation of the Suspension Clause is without merit; Petitioners have been afforded an adequate avenue for review of their challenge to the order of removal." *Id*.  The Mukas timely appealed this order.

While this appeal was pending, the Mukas filed a motion to stay removal proceedings, which a panel of this court denied on January 17, 2008.  After this denial,

---

filed with the Attorney General on or before April 30, 2001 . . . may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence.

8 U.S.C. § 1255(i)(1)(B)(i).  Thus, it appears from the plain text of the statute that the Mukas must be present in the United States to benefit from this statute.  However, as explained below, we need not decide the exact parameters of § 1255(i) to dispose of this appeal.

the Mukas left the United States and are currently seeking asylum in Canada. Mukas Br. at 4. The Government then filed a motion to dismiss based on two grounds: (1) the case is moot because the Mukas left the United States, and (2) this court lacks subject-matter jurisdiction. We denied the motion, stating that "we cannot conclude that the matter is moot." *Muka v. Baker*, No. 07-2459 (6th Cir. June 6, 2008). We also denied the Government's motion for reconsideration on the ground that "dismissal of this appeal at this time [based on lack of subject-matter jurisdiction] would be premature" given that "the question of the district court's jurisdiction in habeas is the issue presented on the merits of this appeal." *Muka v. Baker*, No. 07-2459 (6th Cir. June 26, 2008).

## II. ANALYSIS

As a threshold matter, the Mukas contend that the district court's interpretation of the REAL ID Act as stripping the district court of jurisdiction over the Mukas' habeas petition violates the Suspension Clause of the U. S. Constitution, article 1, § 9, clause 2. This is a question of law that we review de novo. *Ramirez-Canales v. Mukasey*, 517 F.3d 904, 907 (6th Cir. 2008). Applying de novo review, we conclude that the Mukas' argument is meritless.[2]

The Suspension Clause of the Constitution states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Furthermore, the Supreme Court has noted that this Clause requires "some judicial intervention in deportation cases." *I.N.S. v. St. Cyr*, 533 U.S. 289, 300 (2001) (internal quotation marks omitted). However, the writ of habeas corpus is not suspended in violation of this Clause if, when the right to habeas is eliminated, there is "the substitution of a new collateral remedy which is both adequate and effective" in allowing an individual to challenge the legality of his or her detention. *Swain v. Pressley*, 430 U.S. 372, 381 (1977).

---

[2]Because we conclude that the district court properly interpreted the REAL ID Act and that such an interpretation does not offend the Constitution, we need not consider the Mukas' argument that they are entitled to protection under 8 U.S.C. § 1255(i).

As we have previously held, with one limited exception not applicable in the instant case,[3] "[t]he REAL ID Act of 2005 clearly eliminated a habeas petition as a means for judicial review of a removal order." *Jaber v. Gonzales*, 486 F.3d 223, 230 (6th Cir. 2007); *see also Elia v. Gonzales*, 431 F.3d 268, 273 n.5 (6th Cir. 2005) (noting that "the REAL ID Act amendments limit habeas relief" in immigration cases); *cf. Almuhtaseb v. Gonzales*, 453 F.3d 743, 747 (6th Cir. 2006) (stating that "[t]he REAL ID Act renders petitions for review the exclusive means for judicial review for all orders of removal, except for limited habeas review of expedited removal orders"). This is true because the REAL ID Act explicitly states that

> (b)(9) Consolidation of questions for judicial review
>
> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. *Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28*, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), *to review such an order* or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphases added). Moreover, another subsection of the REAL ID ACT provides

> (g) Exclusive jurisdiction
>
> *Except as provided in this section* and notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of title 28, United States Code*, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *no court shall have jurisdiction to hear any cause or claim* by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, *or execute removal orders* against any alien under this chapter.

---

[3] The REAL ID Act provides limited habeas review in instances of expedited removal orders. 8 U.S.C. § 1252(e)(2).

8 U.S.C. § 1252(g) (emphases added). Thus, as the district court noted, "it is abundantly clear that absent a grant of authority elsewhere in the section, [a district court] is expressly excluded from considering a petition for a writ of habeas corpus."[4] *Muka II*, 2007 WL 3038009, at *2; *see also Xiu Yan Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) (concluding that "[a] petition under § 2241 filed in a district court after [May 11, 2005] must be dismissed" because it cannot be "entertained" by a district court); *De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 618 (2d Cir. 2007) ("[T]he REAL ID Act eliminated the availability of habeas corpus as a separate means of obtaining judicial review of a final order of removal.").

However, the REAL ID Act did not simply remove the availability of habeas relief and leave aliens without any avenue to challenge the legality of removal orders. Instead, the REAL ID Act provides an exclusive mechanism for review of such decisions via petitions for review filed in the court of appeals:

(a)(5) Exclusive means of review

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

---

[4] As noted above, the only authority in the REAL ID Act permitting habeas review is in cases of expedited removal orders. 8 U.S.C. § 1252(e)(2).

8 U.S.C. § 1252(a)(5) (emphasis added).  *See also Almuhtaseb*, 453 F.3d at 747. Additionally, another subsection provides

>    (a)(2)(D) Judicial review of certain legal claims
>
>    [n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).  Because there is a remedy available, a petition for review filed with the court of appeals, the REAL ID Act does not violate the Suspension Clause so long as a petition for review provides an "adequate and effective" mechanism for relief.  *Swain*, 430 U.S. at 381.

Although we have not directly addressed this issue in a published opinion, every circuit to confront this issue has agreed that, facially, the petition for review filed in the court of appeals provides an adequate and effective process to review final orders of removal, and thus the elimination of habeas relief does not violate the Suspension Clause.  *See, e.g.*, *Kolkevich v. Att'y Gen. of the United States*, 501 F.3d 323, 332 (3d Cir. 2007) ("[T]here is no question that the current regime, in which aliens may petition for review in a court of appeals but may not file habeas, is constitutional."); *Mohamed v. Gonzales*, 477 F.3d 522, 526 (8th Cir. 2007) ("[The REAL ID Act affords] a remedy as broad in scope as a habeas petition.  It is an adequate and effective substitute to test the legality of a person's detention."); *Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007) ("[F]acially, the REAL ID Act is not an unconstitutional suspension of the writ because the new statutory scheme provides an adequate substitute by allowing judicial review of the final order of removal through the courts of appeals." (internal quotation marks omitted)); *Alexandre v. United States Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006) (same); *see also Zundel v. Gonzales*, 230 F. App'x 468, 473 (6th Cir. 2007) (unpublished opinion) (noting that "petitioner ha[d] not shown that a petition for review fails to provide an adequate opportunity for review of his challenge to his removal and is therefore an inadequate substitute for the writ").  As the *Alexandre* court explained,

Section 106 of the REAL ID Act does not violate the Suspension Clause of the Constitution because it provides, through review by a federal court of appeals, an adequate and effective remedy to test the legality of an alien's detention. Even though habeas corpus relief is precluded by the REAL ID Act, a deportable alien can still seek review of constitutional and legal claims by moving the BIA to reopen or reconsider its previous ruling, and if unsuccessful, by filing a petition for review in the court of appeals. This procedure offers the same review as that formerly afforded in habeas corpus which provided legal, but not factual or discretionary, determinations. Since the substitute remedy of a petition for review offers the same scope of review as a habeas remedy, it is adequate and effective.

*Alexandre*, 452 F.3d at 1206 (internal citations omitted).

We are persuaded by the reasoning of *Alexandre* and our other sister circuits. Because a petition for review provides an alien with the availability of the same scope of review as a writ of habeas corpus, we hold that, facially, the limitation on habeas corpus relief in the REAL ID Act does not violate the Suspension Clause.

This holding, however, does not completely dispose of the instant appeal; the Mukas also make an as-applied challenge to the REAL ID Act. Specifically, the Mukas claim that holding that the district court does not have subject-matter jurisdiction in this case will violate the Suspension Clause because it "would leave a small group of aliens, including the Mukas, without any avenue for seeking the relief afforded to them by . . . 8 U.S.C. § 1255(i)." Mukas Br. at 11. This argument, at least as it pertains to the Mukas' case, is meritless. It is clear that the Mukas did have an avenue to argue their § 1255(i) claim—their original removal proceedings and their petition for review. It is undisputed that the Form I-130 was approved on July 1, 2002. The IJ's decision was not filed until May 30, 2003, almost one year later. Thus, the Mukas knew of the § 1255(i) argument during the prior proceedings before both the IJ and the BIA and could have raised the argument at that time. However, the record is entirely silent on this matter. Moreover, the Mukas do not explain now why they failed to raise this argument during their earlier proceedings. Without such explanation, and on these facts, we must assume that the Mukas merely chose not to make this argument.

Given that the Mukas failed to raise the instant argument before the BIA, we acknowledge that the Mukas could not have raised the present argument in their previous petition for review in this court. *See Gilaj v. Gonzales*, 408 F.3d 275, 289 (6th Cir. 2005) ("Only those claims that have been properly presented to the BIA and considered on their merits can be reviewed by the court in an immigration appeal."). However, the Mukas were fully aware of the instant argument during the IJ and BIA proceedings. Thus, the Mukas had the opportunity to address this argument before the BIA, preserving the argument for appellate consideration in their petition for review.

Furthermore, as the district court noted, the Mukas "have already sought a review of the BIA's decision by the Sixth Circuit," at which time we "conducted the review, agreed with the BIA, and denied the petition for review." *Muka II*, 2007 WL 3038009, at *4. Simply because the Mukas failed to make a known argument during their prior proceedings does not mean that we must grant them a second bite at the apple to satisfy the Suspension Clause's requirements. The Mukas have been afforded all of the rights to which they are entitled under the Constitution. Therefore, we cannot say that, as applied to the Mukas, the REAL ID Act's jurisdiction-stripping provisions violate the Suspension Clause.

Although the Mukas contend that the outcome of this case somehow involves the rights of all aliens seeking protection under § 1255(i), our holding is not that sweeping. We do not say that there will never be an alien claiming protection under § 1255(i) who could make a successful as-applied challenge to the REAL ID Act. However, we leave this inquiry to future panels presented with different cases and do not foreclose other distinct as-applied challenges. We hold only that, on these facts, the Mukas cannot succeed on their as-applied challenge.

### III.  CONCLUSION

Because the district court correctly dismissed the Mukas' habeas petition for lack of subject-matter jurisdiction, we **AFFIRM** the dismissal.