*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0086p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

FATIHA ELGHARIB,

      *Petitioner-Appellant,*

      *v.*

     No. 09-3029

JANET NAPOLITANO et al.,

      *Respondents-Appellees.*

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 08-00394—Walter H. Rice, District Judge.

Argued: January 22, 2010

Decided and Filed: March 30, 2010

Before: MERRITT, MOORE, and GIBBONS, Circuit Judges.

———————————

## COUNSEL

———————————

**ARGUED:** George A. Katchmer, Jr., LAW OFFICE, Yellow Springs, Ohio, for Appellant. Samuel P. Go, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** George A. Katchmer, Jr., LAW OFFICE, Yellow Springs, Ohio, for Appellant. Samuel P. Go, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

## OPINION

———————————

    KAREN NELSON MOORE, Circuit Judge. The Department of Homeland Security ("DHS") ordered Fatiha Elgharib removed in absentia in June 2007 when she failed to appear for her removal hearing. Elgharib failed to appeal, later filed a motion to reopen her removal proceedings, and then did not appeal the denial of that motion. In October 2008, Elgharib filed a petition for a writ of prohibition under 28 U.S.C. § 1651 in the district court to review her order of removal, alleging the removal order was granted without notice or an

1

opportunity to be heard in violation of the Due Process Clause. The district court dismissed Elgharib's petition based on lack of jurisdiction under 8 U.S.C. § 1252(a)(5) & (g). Elgharib timely appeals the district court's dismissal of her petition for a writ of prohibition, arguing that § 1252 does not apply in this case because she has no other remedy available as a noncitizen, that the district court should not be foreclosed from adjudicating her constitutional claim, and that her action is not against the "Attorney General" under the literal terms of § 1252(g). For the reasons that follow, we conclude that Elgharib's arguments are without merit and that the district court correctly dismissed the petition for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Elgharib was served with a Notice to Appear for removal proceedings "on a date to be set" and "at a time to be set." She filed a motion with the Immigration Court in Detroit, Michigan, on May 7, 2004, to terminate removal proceedings, and she alleges that DHS responded that she was not in removal proceedings as of May 25, 2004.[1] Elgharib claims that she never received further notice of a hearing date. When Elgharib subsequently failed to appear for her removal hearing on June 14, 2007, she was ordered removed in absentia. On September 10, 2007, the Immigration Court denied her motion to reopen, and she did not appeal.

On October 27, 2008, Elgharib filed a petition for a writ of prohibition under the All Writs Act, 28 U.S.C. § 1651, and a motion for a temporary restraining order in the U.S. District Court for the Southern District of Ohio, asserting that the district court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1361 to review her petition because the removal order was imposed in violation of the Due Process Clause. The district court denied the motion for a temporary restraining order, and it ordered the parties to file memoranda addressing the court's jurisdiction. Both parties timely responded, and the district court, on December 29, 2008, sua sponte dismissed Elgharib's petition without prejudice for lack of subject-matter jurisdiction under 8 U.S.C. § 1252. Elgharib appealed the denial of jurisdiction to this court. Both the district court and a separate panel of this court denied a

---

[1]For purposes of this appeal, we accept Elgharib's statement of facts as true because the facts were not developed below prior to the district court's dismissal. Because the district court's dismissal turned on a question of law, the facts are not material to our determination of this appeal.

motion for a stay of removal pending this appeal. In a separate appeal, a panel of this court dismissed Elgharib's petition for review of the Immigration Court's final order of removal. *Elgharib v. Holder*, No. 09-3012 (6th Cir. Mar. 31, 2009). On April 2, 2009, DHS, through the U.S. Immigration and Customs Enforcement agency ("ICE"), stayed Elgharib's removal for one year.

## II.  ANALYSIS

This appeal raises only the question of whether the district court had subject-matter jurisdiction over Elgharib's petition for a writ of prohibition, and we do not address the merits of the claims that Elgharib raised in her petition or the Immigration Court's denial of her motion to reopen. Elgharib has bifurcated her appeal into two novel arguments. She claims that 8 U.S.C. § 1252 (also referred to as the REAL ID Act) does not preclude the district court's jurisdiction over her petition because: (1) her action is an original action arising under the Constitution, and the Constitution is not a "provision of law (statutory or nonstatutory)" within the meaning of § 1252(a)(5) & (g)'s clauses limiting jurisdiction; and (2) she challenges an action by the Secretary of DHS and not the Attorney General, so her claim is outside the literal language of § 1252(g).

The district court dismissed Elgharib's petition sua sponte for lack of subject-matter jurisdiction. As we stated in *Charvat v. GVN Michigan, Inc.*,

> "When a decision on subject-matter jurisdiction concerns pure questions of law or application of law to the facts, this court conducts a *de novo* review." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc). Because the district court's decision was based on pure legal questions and the facts are undisputed for purposes of this appeal, we do not apply the more deferential standard applicable to the district court's factual findings. *See id.* at 560 ("If the district court's jurisdictional ruling was based on the resolution of factual disputes, then we review those findings for clear error."). "'The party opposing dismissal has the burden of proving subject matter jurisdiction.'" *Lacey v. Gonzales*, 499 F.3d 514, 518 (6th Cir. 2007) (quoting *GTE North, Inc. v. Strand*, 209 F.3d 909, 915 (6th Cir.), *cert. denied*, 531 U.S. 957 (2000)).

*Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 627 (6th Cir. 2009) (reviewing sua sponte dismissal).

**A. The District Court Lacks Jurisdiction to Review Elgharib's Constitutional Claim**

**1. "Any Other Provision of Law (Statutory or Nonstatutory)" Includes the Constitution**

In the REAL ID Act, Congress sought to channel judicial review of an alien's claims related to his or her final order of removal through a petition for review at the court of appeals.[2] Congress provided in § 1252(a)(5), "Exclusive means of review," that

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). And in § 1252(g), "Exclusive jurisdiction," Congress provided that

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

---

[2]Elgharib could have obtained review of her Due Process Clause claims through judicial review of her final order of removal in the court of appeals under § 1252(a)(1), (a)(2)(D), (b)(9), & (d)(1) if she had timely filed her appeal with the BIA and then a timely petition for review of the BIA decision in this court. *See AADC*, 525 U.S. at 495 (Ginsburg, J., concurring in part and concurring in judgment) ("We have previously construed such 'final order' language [as in § 1252(a)(1)] to authorize judicial review of 'all matters on which the validity of the final order is contingent, rather than only those determinations actually made at the hearing.'" (quoting *INS v. Chadha*, 462 U.S. 919, 938 (1983))). This court may "assume that [she] merely chose not to make this argument" when she could have timely raised it. *Muka v. Baker*, 559 F.3d 480, 484–86 (6th Cir. 2009) (rejecting as-applied challenge to REAL ID Act alleging that preclusion of habeas review will leave petitioners "without any avenue for seeking the relief afforded to them" by statute because it was "clear" that petitioners "did have an avenue to argue their [claims]—their original removal proceedings and their petition for review"); *see also Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) ("Although an alien's due process challenge generally does not require exhaustion (the BIA lacks authority to review constitutional challenges), the alien must raise correctable procedural errors to the BIA [to preserve appellate review].").

8 U.S.C. § 1252(g). In this case, we must determine whether these provisions preclude jurisdiction over a cause of action challenging a final order of removal based on an alleged violation of rights under the Constitution that was not brought pursuant to the prescribed procedures for judicial review of a final order of removal contained within § 1252. Elgharib argues that these provisions do not preclude the district court from exercising subject-matter jurisdiction over her constitutional claims because the language "any other provision of law (statutory or nonstatutory)" cannot be fairly read to include the Constitution.

We review de novo such questions of statutory interpretation, *United States v. Parrett*, 530 F.3d 422, 429 (6th Cir. 2008), employing a three-step legislative-interpretation framework established by the Supreme Court: "'first, a natural reading of the full text; second, the common-law meaning of the statutory terms; and finally, consideration of the statutory and legislative history for guidance,'" *Lockhart v. Napolitano*, 573 F.3d 251, 255 (6th Cir. 2009) (quoting *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 442 (6th Cir. 2005) (citing *United States v. Wells*, 519 U.S. 482, 490–92 (1997))). The "natural reading of the full text" requires that we examine the statute for its plain meaning, including "'the language and design of the statute as a whole.'" *Id.* (quoting *Parrett*, 530 F.3d at 429). "If the statutory language is not clear, we may examine the relevant legislative history." *Parrett*, 530 F.3d at 429.

Although there is no precedent directly on point, in *Reno v. American-Arab Anti-Discrimination Committee*, the Supreme Court held that a prior version of § 1252(g) precluded district-court jurisdiction over resident aliens' selective-enforcement claims under the First Amendment because the claims attacked a discretionary action by the Attorney General that clearly fell within the jurisdictional bar in § 1252(g). *Reno v. Am.-Arab Anti-Discrimination Comm.* (*AADC*), 525 U.S. 471, 482–83 (1999). At that time, § 1252(g) prevented judicial review "[e]xcept as provided in this section and notwithstanding any other provision of law," and the Court interpreted this language as precluding a constitutional claim. The fact that the resident aliens alleged a violation of the Constitution did not necessitate immediate judicial consideration prior to a final order of removal. *Id.* at 492 (Ginsburg, J., concurring in part and concurring in judgment); *see also Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 945 (5th Cir. 1999) (holding § 1252(g) barred a First Amendment retaliatory-exclusion claim challenging a discretionary decision); *Zundel v.*

*Gonzales*, 230 F. App'x 468, 474–75 (6th Cir. 2007) (unpublished opinion) (holding § 1252(g) barred a First Amendment challenge to a decision to commence removal proceedings), *cert. denied*, 128 S. Ct. 1085 (2008); *see also Sissoko v. Rocha*, 509 F.3d 947, 950–51 (9th Cir. 2007) (finding *Humphries* instructive and consistent with *AADC*, and concluding that § 1252(g) barred a Fourth Amendment *Bivens* claim).

We apply the same interpretation to the current language of both § 1252(a)(5) and § 1252(g).[3] The addition of the "any other provision of law (statutory or nonstatutory)" introductory language does not alter the interpretation that the Supreme Court applied in *AADC*. Contrary to Elgharib's contention, a natural reading of "any other provision of law (statutory or nonstatutory)" includes the U.S. Constitution.[4] *See* BLACK'S LAW DICTIONARY (8th ed. 2004) (defining constitution as "[t]he fundamental and organic *law* of a nation or state that establishes the institutions and apparatus of government" and "[t]he written instrument embodying this fundamental *law*, together with any formal amendments" (emphases added)); BLACK'S LAW DICTIONARY (5th ed. 1979) (including in definition of constitution "[t]he fundamental and organic *law* of a nation or state" (emphasis added)).

This interpretation is also clear from a reading of the remainder of the statute. Section 1252(a) sets forth the "Applicable provisions" to guide the procedures for judicial review of removal orders and indicates that the procedures contained therein are the only procedures under which a noncitizen may challenge constitutional questions related to his

---

[3]Congress added the "notwithstanding any other provision of law *(statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title*" language in both § 1252(a)(5) & (g) as part of the REAL ID Act of 2005, in the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, Pub. L. No. 109-13, § 106, 119 Stat. 231, 310–11 (2005). 8 U.S.C. § 1252(g) (emphasis added). In deciding the scope of agency actions protected from judicial review under § 1252(a)(2)(B), the Supreme Court recently noted that the "Notwithstanding any other provision of law (statutory or nonstatutory)" introductory clause "simply informs that once the scope of the [jurisdictional] bar is determined, jurisdiction is precluded regardless of what any *other* provision or source of law might say." *Kucana v. Holder*, 130 S. Ct. 827, 831–32 n.1 (2010).

[4]It is interesting to note that Congress could have intended the use of "statutory or nonstatutory" also to include treaties, federal regulations, and other "nonstatutory" laws that the Court has recognized. *See City of New York v. FCC*, 486 U.S. 57, 63 (1988) ("The [Supremacy Clause] phrase 'Laws of the United States' encompasses both federal statutes themselves and federal regulations that are properly adopted in accordance with statutory authorization."). In response to a question at oral argument, Elgharib's counsel also asserted that treaties would lie outside "any other provision of law (statutory or nonstatutory)." We need not decide this question for purposes of this appeal, but we note that § 1252(a)(4) deals specifically with claims under the United Nations Convention Against Torture and includes the same prefatory language as § 1252(a)(5).

or her removal. Within this section, subsection two removes certain matters from judicial review, including certain denials of discretionary relief in § 1252(a)(2)(B) and final orders of removal entered against an alien who has committed certain criminal offenses in § 1252(a)(2)(C). Both sections also contain the same "Notwithstanding . . . " language that Elgharib argues does not preclude jurisdiction over her claim, but we know that Congress viewed this language as incorporating constitutional claims because in § 1252(a)(2)(D) Congress specifically reinstated judicial review of "constitutional claims or questions of law" that are otherwise wholly insulated from judicial review under § 1252(a)(2)(B) & (C). *See Almuhtaseb v. Gonzales*, 453 F.3d 743, 747 (6th Cir. 2006) (explaining interaction of § 1252(a)(2)(A)–(D)); *Elia v. Gonzales*, 431 F.3d 268, 273 n.5 (6th Cir. 2005) (citing § 1252(a)(2)(D), (a)(5), & (e) to restrict review to stated petitions only), *cert. denied*, 547 U.S. 1127 (2006); *see also Hussain v. Keisler*, 505 F.3d 779, 783–84 (7th Cir. 2007) (explaining that § 1252(a)(2)(D) did not preserve constitutional claim otherwise barred by § 1252(g)); *McAllister v. Attorney Gen. of U.S.*, 444 F.3d 178, 182–84 (3d Cir.) (explaining § 1252(a)(2)(A)–(D) interaction), *cert. denied*, 549 U.S. 1052 (2006); *Nerghes v. Mukasey*, 274 F. App'x 417, 421–22 (6th Cir. 2008) (unpublished opinion) (same). Indeed, § 1252(a)(2)(D) allows "review of constitutional claims or questions of law *raised upon a petition for review* filed with an appropriate court of appeals *in accordance with this section*," 8 U.S.C. § 1252(a)(2)(D) (emphases added), which requires compliance with § 1252(a)(5)'s statement that the courts of appeals are the exclusive means of review for final orders of removal and any constitutional questions related thereto. The same jurisdictional bar to judicial review of an alien's removal order is also present in § 1252(b)(9),[5] the provision consolidating judicial review "of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any

---

[5] § 1252(b) Requirements for review of orders of removal
With respect to review of an order of removal under subsection (a)(1) of this section, the following requirements apply: . . . (9) Consolidation of questions for judicial review
Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

action taken or proceeding brought to remove an alien" into the court of appeals' review of a final order of removal. 8 U.S.C. § 1252(b)(9); *see Singh v. Gonzales*, 499 F.3d 969, 976 (9th Cir. 2007) ("Through this section [§ 1252(b)(9)], 'Congress made clear that review of a final removal order is the only mechanism for reviewing any issue raised in a removal proceeding.'" (quoting H.R. REP. NO. 109-72, at 173 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 240, 298)). If Elgharib were correct that the repeated "any other provision of law (statutory or nonstatutory)" language in § 1252's subsections did not include the Constitution, then Congress's further inclusion of reinstating or reserving language in § 1252(a)(2)(D) and (b)(9), among others, would be rendered meaningless and Congress's purpose to streamline judicial review would be frustrated. *See Kucana v. Holder*, 130 S. Ct. 827, 838 (2010) (determining the scope of agency decisions precluded from judicial review under § 1252(a)(2)(B)(ii) and emphasizing that the "aggressive[]" amendments to § 1252 were intended "to expedite removal of aliens lacking a legal basis to remain in the United States").

Common-law definitions of the "laws" also undercut Elgharib's claim that "any other provision of law (statutory or nonstatutory)" does not include the Constitution. *See, e.g.*, U.S. CONST. art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land . . . ."); *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 211 (1824) ("[T]he constitution is the supreme law."); *United States v. Fisher*, 6 U.S. (2 Cranch) 358, 384 (1805) ("The constitution is the supreme law of the land . . . ."); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 180 (1803) ("It is also not entirely unworthy of observation, that in declaring what shall be the *supreme* law of the land, the *constitution* itself is first mentioned . . . ."); *see also Alden v. Maine*, 527 U.S. 706, 747 (1999) (noting the *Ex parte Young* sovereign-immunity exception is necessary "if the Constitution is to remain the supreme law of the land"); Harry W. Jones, *The Common Law in the United States: English Themes and American Variations*, *in* POLITICAL SEPARATION AND LEGAL CONTINUITY 123–24 (Harry W. Jones ed., 1976) (noting that Constitution provisions are "part of the supreme law of the land"), *as quoted in Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 138 n.34 (Souter, J., dissenting) (discussing common law integration into the Constitution). Thus, the Constitution is clearly a "nonstatutory" law under § 1252.

Furthermore, contrary to Elgharib's novel position, Congress may withdraw constitutional questions from the district court's subject-matter jurisdiction once jurisdiction has been conferred under 28 U.S.C. § 1331.  In *AADC*, the Supreme Court upheld Congress's withdrawal of jurisdiction from all federal courts under an earlier version of § 1252(g) that did not include the additional "(statutory or nonstatutory)" explanation regarding which laws could not provide an avenue for judicial review.  *AADC*, 525 U.S. at 482–83 (holding that § 1252(g) applies to bar federal-court jurisdiction to review "only . . . three discrete actions that the Attorney General may take:  her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders'"); *Ene v. Phillips*, 99 F. App'x 642, 643 (6th Cir. 2004) (unpublished opinion) ("Congress enacted § 1252(g) to limit the jurisdiction of federal courts which 'are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress . . . .'" (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986))).  Elgharib's argument ignores the Court's early statements that the lower federal courts are courts of limited jurisdiction that Congress has the power to control:

> the judicial power of the United States, although it has its origin in the Constitution, is (except in enumerated instances, applicable exclusively to [the Supreme Court]) dependent for its distribution and organization, and for the modes of its exercise, entirely upon the action of Congress, who possess the sole power of creating the tribunals (inferior to the Supreme Court) for the exercise of the judicial power, and of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good.

*Cary v. Curtis*, 44 U.S. 236, 245 (1845); *see also Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction." (citing U.S. Const. art. III, § 1)); *Dalton v. Specter*, 511 U.S. 462, 477 (1994) ("The judicial power of the United States conferred by Article III of the Constitution is upheld just as surely by withholding judicial relief where Congress has permissibly foreclosed it, as it is by granting such relief where authorized by the Constitution or by statute."); 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, & RICHARD D. FREER, FEDERAL PRACTICE & PROCEDURE § 3526 (3d ed. 2008) (citing cases).  Congress acted within its constitutional powers to limit judicial review of constitutional questions under § 1252, and

we conclude that § 1252(a)(5) & (g) both preclude district-court jurisdiction over constitutional challenges to final orders of removal.

### 2.  Section 1252 Explicitly Prohibits Actions Under the All Writs Act

Elgharib also may not obtain review by captioning her challenge as an "original action" under the All Writs Act because her Due Process Clause claim directly targets her order of removal, *see* Dist. Ct. Doc. ("Doc.") 1 at 2 (Pet. at 2), in a procedural posture that both § 1252(a)(5) & (g) specifically prohibit.  Elgharib's petition explicitly requests "that the Department of Homeland Security be prohibited from removing the Petitioner from the United States so that she may be able to answer the allegations against her and to seek relief in a court of proper jurisdiction."  Doc. 1 at 3 (Pet. at 3).

If Elgharib's petition raised a challenge that did not require the district court to address the merits of her order of removal, then this court's precedents would support her argument.  In *Kellici v. Gonzales*, we held that a habeas petition was properly filed in the district court because it challenged only the government's failure to give notice and the due process implications of the undocumented petitioner's arrest and detention, and because the petition did not address the merits of the underlying order of removal.[6]  *Kellici v. Gonzales*, 472 F.3d 416, 419–20 (6th Cir. 2006) ("Where a habeas case does not address the final order, it is not covered by the plain language of the [REAL ID] Act.").  Elgharib's claim is more akin to our recent decision in *Muka v. Baker*, 559 F.3d 480 (6th Cir. 2009).  In *Muka*, we upheld a district court's conclusion that it lacked subject-matter jurisdiction over a habeas claim that sought to attack the petitioner's order of removal because the judicial review provisions of § 1252 ((a)(5), (b)(9), & (g)) all explicitly exclude habeas actions from the

---

[6]In *Kellici*, we also recognized the Eighth Circuit's holding in *Haider v. Gonzales* that a habeas petition challenging detention under the Due Process Clause based on lack of notice of the removal hearing and an in absentia order of removal—essentially the same claim Elgharib raises in her petition—"'is, in effect, a challenge to the ultimate Order of Removal.'"  *Kellici v. Gonzales*, 472 F.3d 416, 419 n.1 (6th Cir. 2006) (quoting *Haider v. Gonzales*, 438 F.3d 902, 910 (8th Cir. 2006) (internal quotation marks omitted)) (noting also that this circuit implicitly held the same in *Feldman v. Gonzales*, No. 04-3784, 2005 WL 3113488, at *2 (6th Cir. Nov. 21, 2005) (unpublished opinion)); *see also Ametaj v. Dep't of Homeland Sec.*, No. 09-13417, 2009 WL 3012403, at *1–3 (E.D. Mich. Sept. 17, 2009) (dismissing habeas petition and motion for immediate stay for lack of jurisdiction because alleged denial of due process during immigration proceedings could not be resolved "without conducting a judicial review of the immigration proceedings" in violation of REAL ID Act); *Konopka v. Clausen*, No. 09-11840, 2009 WL 1384176, at *1 (E.D. Mich. May 14, 2009) (unpublished order) (dismissing habeas petition for lack of jurisdiction because allegation that lack of notice of proceedings violated due process "directly attacks the removal order itself" (citing *Haider*, 438 F.3d at 910; *Kellici*, 472 F.3d at 419)).

district court's jurisdiction. *Muka*, 559 F.3d at 483–86 (upholding exclusion of habeas review from district court's jurisdiction under § 1252(a)(5) & (g) against a claim that this violated the Suspension Clause "[b]ecause there is a remedy available, a petition for review filed with the court of appeals," and § 1252(b)(9) explicitly states that habeas review is unavailable). The fact that the petitioner raised facial and as-applied challenges to the statute under the Suspension Clause did not alter our interpretation. *Id.* Moreover, we have previously held that "[t]he REAL ID Act renders petitions for review the exclusive means for judicial review for all orders of removal, except for limited habeas review of expedited removal orders." *Almuhtaseb*, 453 F.3d at 747; *see also Moussa v. Jenifer*, 389 F.3d 550, 552–55 (6th Cir. 2004) (rejecting, based on earlier version of § 1252(g), claim that district court had jurisdiction over habeas petition under 28 U.S.C. §§ 2241, 2201, 1331, & 1651 to stay the execution of a deportation order); *Iasu v. Smith*, 511 F.3d 881, 886–91 (9th Cir. 2007) (denying habeas review under § 1252(a)(5) & (a)(2)(D) and noting that the claims would have been cognizable if brought on direct review).

Therefore, we reject Elgharib's first argument, and we hold that the Constitution qualifies as "any other provision of law (statutory or nonstatutory)" under all subsections of § 1252. Both § 1252(a)(5) and § 1252(g) deprive the district court of subject-matter jurisdiction over Elgharib's constitutional challenge to her final order of removal.

**B. Section 1252(g) Applies to Actions by the Department of Homeland Security**

Elgharib next claims that the district court has jurisdiction over her petition because it challenges the actions of the Secretary of DHS, through ICE, placing her challenge outside the § 1252(g) bar that applies to claims "arising from the decision or action by the Attorney General."[7] 8 U.S.C. § 1252(g). When Congress passed the Homeland Security Act of 2002, it transferred to DHS authority over all functions that the former Immigration and Naturalization Service ("INS") or its officers previously carried out. 6 U.S.C. §§ 202, 251. This legislation effectively replaced all statutory references to the INS or its officers with references to the applicable DHS official. 6 U.S.C. § 557. Thus, "[u]nder 6 U.S.C. § 557,

---

[7]Although the district court did not address this argument specifically in holding that § 1252(a)(5) was sufficient to preclude its jurisdiction, *see Elgharib v. Chertoff*, No. 3:08cv394, 2008 WL 5412447 (S.D. Ohio Dec. 29, 2008) (unpublished opinion), Elgharib raised this argument below, and the district court did cite § 1252(g) as additional support for its interpretation of § 1252(a)(5).

references in federal law to any agency or officer whose functions have been transferred to DHS shall be deemed to refer to the Secretary of DHS or other official or component to which the functions were transferred." *Durable Mfg. Co. v. U.S. Dep't of Labor*, 578 F.3d 497, 499 n.1 (7th Cir. 2009). Although this circuit has not yet addressed this specific point, we conclude that the statutory reference to the "Attorney General" in § 1252(g) now means "Secretary of DHS," and Elgharib's argument to the contrary is completely without merit. *See id.*; *Ali v. Mukasey*, 524 F.3d 145, 150 (2d Cir. 2008) (explaining interaction between 8 U.S.C. § 1252(g) & (a)(2)(D) and 6 U.S.C. §§ 202(3), 557 and holding that court lacked jurisdiction to review DHS actions based on § 1252(g) jurisdictional bar); *Buddhi v. Holder*, No. 09-1598, 2009 WL 2922902, at *3 n.1 (7th Cir. Sept. 14, 2009) (unpublished order) (explaining that, despite "Attorney General" reference in 8 U.S.C. § 1184(a)(1), "the Homeland Security Act of 2002[] expressly transferred that responsibility to the Secretary of Homeland Security, 6 U.S.C. § 202, and 6 U.S.C. § 557 commands us to read § 1184(a)(1) as if it refers to the Secretary of Homeland Security"); *United States v. Rios-Zamora*, 153 F. App'x 517, 520–21 (10th Cir. 2005) (unpublished opinion) ("With the transfer of authority under § 557, as of March 1, 2003, the title 'Attorney General' is synonymous with the Secretary of Homeland Security."). Therefore, we reject Elgharib's argument that her petition does not challenge an action within the scope of § 1252(g), and we conclude that actions by the Secretary of DHS are within the § 1252(g) jurisdictional bar.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Elgharib's petition without prejudice for lack of subject-matter jurisdiction. An alien's petition for a writ of prohibition that directly challenges his or her final order of removal on constitutional grounds is subject to the jurisdictional bars in 8 U.S.C. § 1252(a)(5) and (g), and general federal-question subject-matter jurisdiction is not available in the district court under 28 U.S.C. § 1331. Congress has repeatedly sought to restrict an alien's ability to obtain judicial review of a final order of removal to the prescribed procedures in 8 U.S.C. § 1252, and we are not at liberty to craft exceptions that would be directly contrary to the plain statutory language of those jurisdictional-bar provisions.